# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9599 | **DATE** | 12/19/2012 |
| **CASE TITLE** | *Garcia v. Illinois Mentor Network* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to proceed in forma pauperis [3-1] is granted while Plaintiff's motion for appointment of counsel [4-1] is denied. The Marshal is directed to serve the complaint on the defendant. Any forms necessary for the Marshal to serve the defendant shall be forwarded to Plaintiff. Her failure to return the forms to the Marshal may result in dismissal of the defendant and the case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed in forma pauperis if she is unable to pay the mandated court fees. A plaintiff need not be penniless to proceed in forma pauperis under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed in forma pauperis if payment of the filing fee will prevent her from providing for life's necessities. *Id*. In her affidavit, Plaintiff attests that she has no assets and only $493/month in unemployment benefits and gifts from family and friends in the amount of $50 to $100. She also attests that her unemployed son, a student at Columbia College, is dependent on her. Because Plaintiff's financial affidavit indicates that she is entitled to proceed in forma pauperis, her motion to do so is granted.

     A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Plaintiff alleges Title VII and § 1981 discrimination claims on the grounds that she was terminated and harassed based on her religion (Catholic) and national origin (Puerto Rican). In determining whether a complaint fails to state a claim, the Court takes all well-pleaded allegations as true and views them in a light most favorable to the plaintiff. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In addition, "a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id*. (citation omitted). According to Plaintiff, her former employer, Illinois Mentor Network, discriminated against her when co-workers, among other things, "bullied" her because of Puerto Rican accent and her use of a rosary, and the company "failed to properly investigate" and terminated her. (Dkt. # 1 at 5.) These allegations are sufficient to state a claim for relief under Title VII and 42 U.S.C. § 1981 for religion and national origin discrimination.

     As to her motion for appointment of counsel, while "[t]here is no constitutional or statutory right to counsel in federal civil cases," the Court has "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (*citing Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v.*

**STATEMENT**

*Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on h[er] own." *Romanelli*, 615 F.3d at 851–52 (*citing Pruitt*, 503 F.3d at 654–55).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Neither the claims nor the evidence that might support her claims appear so complex or intricate that a trained attorney is necessary. Thus, the Court declines to appoint counsel for Plaintiff; however, it is willing to revisit the issue at a later time, if necessary.